**FILED**
**May 31, 2019**
**10:22 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **GERALD C. COON,** | ) | |
| Employee, | ) | **Docket No. 2018-06-0018** |
| v. | ) | |
| **COMMERCIAL WAREHOUSE AND** | ) | |
| **CARTAGE, INC.,** | ) | **State File No. 96917-2017** |
| Employer, | ) | |
| | ) | |
| And | ) | |
| **WESTFIELD GROUP,** | ) | **Judge Joshua Davis Baker** |
| Insurance Carrier. | ) | |

## COMPENSATION HEARING ORDER

At the compensation hearing on May 28, 2019, the parties disputed whether Mr. Coon suffered a work-related injury. At the close of Mr. Coon's proof, Commercial Warehouse and Cartage, Inc. (CWC) moved for involuntary dismissal, arguing that Mr. Coon did not prove medical causation. The Court grants CWC's motion for involuntary dismissal.

### History of Claim

Mr. Coon alleged a back injury when his safety lanyard malfunctioned while working for CWC. CWC offered him medical care, but he declined because he assumed he had only strained his back.

About two months after the lanyard incident, Mr. Coon experienced immediate, extreme back pain while grabbing for a towel as he exited the shower at home. He sought emergent care and told the ER workers his pain resulted from lifting a heavy box at work, as opposed to the lanyard incident. The medical provider contacted CWC for medical treatment authorization. Several weeks later, Mr. Coon received treatment from Dr. Robert Carver, whom he chose from a panel.

Dr. Carver completed a C-32 Standard Form Medical Report noting the lanyard incident did not cause Mr. Coon's back problem. He wrote, "Based upon his mechanism of injury (bending over while wearing a safety harness that prevented him from easily bending over) I do not believe his injury was work-related."[1] He also indicated in several places on the C-32 that Mr. Coon's injury was not caused by his work.

CWC timely notified Mr. Coon it intended to use Dr. Carver's C-32 report as proof at trial instead of taking his deposition. Mr. Coon objected to CWC using the report but never deposed Dr. Carver.

### Findings of Fact and Conclusions of Law

CWC challenged the compensability of Mr. Coon's injury, so the burden falls to him to prove all essential elements of his claim. Tenn. Code Ann. § 50-6-239(c)(6) (2018) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). The essential element that Mr. Coon did not prove is medical causation.

Proving medical causation requires an employee to show to a reasonable degree of medical certainty that "the employment contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *Id.* at 50-6-102(14)(C). Unless an injury is obvious, an "employee must present *expert medical proof* that the alleged injury is causally related to the employment." *Berdnik v. Fairfield Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (emphasis added). Lay testimony alone will not suffice. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation.").

The cause of a back injury is not obvious, simple, or routine, as back injuries occur in numerous ways and for diverse, complicated reasons. Therefore, Mr. Coon needed expert medical proof to prevail. He failed to produce it.

Further, the only expert testimony presented at trial—Dr. Carver's—showed that Mr. Coon's work at CWC did not cause his back injury. As the panel physician, his opinion on medical causation is presumed correct, unless rebutted. *See* Tenn. Code Ann.

---

[1] Mr. Coon asked to submit a letter from Dr. Chine Logan as proof of causation, but the Court sustained CWC's objection that it was inadmissible hearsay. The parties deposed Dr. Logan, but neither filed the deposition transcript.

§ 50-6-102(14)(E). Mr. Coon presented no evidence to rebut Dr. Carver's opinion and, therefore, failed to prove an essential element of his claim.

Because Mr. Coon failed to prove an essential element of his claim, CWC made a motion for involuntary dismissal. After "the plaintiff in an action tried by the court without a jury has completed presentation of plaintiff's evidence, the defendant . . . may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Tenn. R. Civ. P. 41.02(2). When the "plaintiff's case has not been established by a preponderance of the evidence, then the case should be dismissed if the plaintiff has shown no right to relief on the facts found and the applicable law." *Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn. 2007).

CWC asked the Court to dismiss Mr. Coon's claim for lack of expert medical evidence of causation. The Court finds that the lack of expert medical proof of causation, an essential element of his workers' compensation claim, was a death knell to Mr. Coon's case. The Court grants CWC's motion for involuntary dismissal.

## Motions

The parties filed multiple motions that were resolved or waived except for CWC's two motions for sanctions under Tennessee Rule of Civil Procedure 11, where it sought attorney fees or other punitive measures against Mr. Coon. While Mr. Coon committed actions that might have warranted sanctions, the Court denies the motions.

**IT IS, THEREFORE, ORDERED** as follows:

1. This claim is dismissed with prejudice to its refiling.

2. The Court assesses the $150.00 filing fee to CWC to be paid to the Court Clerk and for which execution shall issue as necessary.

3. Absent an appeal to the Appeals Board, this order shall become final thirty days after issuance.

4. CWC shall file the SD-2 Form with the Court Clerk within ten business days of entry of this Order.

**ENTERED MAY 31, 2019.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:

1. Medical records
2. First Report of Injury
3. Wage Statement
4. Workplace Incident Report Dated May 9, 2017
5. Workplace Incident Report Dated September 22, 2017
6. Workplace Incident Report Dated November 11, 2017
7. Dr. Carver's C-32 Standard Form Medical Report and Attachments
8. Dr. Carver's Updated CV
9. CWC New Hire Checklist
10. Choice of Physician Forms
11. Authorization Medical Records Release

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Hearing Order
4. Second Motion for Rule 11 Sanctions
5. Third Motion for Rule 11 Sanctions
6. CWC's Witness and Exhibit List
7. CWC's Pretrial Brief
8. Mr. Coon's Pretrial Brief

**CERTIFICATE OF SERVICE**

I certify that a correct copy of this Order was sent as indicated on May 31, 2019.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|------|------|------|------|
| Gerald Coon, Employee | | | X | Coon_36@hotmail.com |
| Thomas Tucker, Employer's Attorney | | | X | ttucker@veazeytucker.com tomtucker@bellsouth.net |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1.  Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____ , 20 ___ .

[Signature of appellant or attorney for appellant]  _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)          RDA 11082